1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY B. APGOOD AND ROBERT S. APGOOD individually AND THE MARITAL COMMUNITY COMPOSED THEREOF,<br><br>     Plaintiffs,<br><br>     vs.<br><br>BRIAN MILES, in his capacity as a police officer for the City of Seattle and as an individual, AND MONICA MILES AND THE MARITAL COMMUNITY COMPOSED THEREOF;<br><br>and<br><br>THE CITY OF SEATTLE, a municipal corporation;<br><br>and<br><br>TED CABLAYAN, in his capacity as a police officer for the City of Seattle and as an individual, AND SIRIVAHN CABLAYAN AND THE MARITAL COMMUNITY COMPOSED THEREOF;<br><br>and | Case No.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983<br><br><br>**JURY DEMAND** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 1

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

1    MARC SAGMOEN, in his capacity as a police
     officer for the City of Seattle and as an
2    individual, AND DENISE M. SAGMOEN
     AND THE MARITAL COMMUNITY
3    COMPOSED THEREOF;

4    and

5
     TYLER GETTS, in his capacity as a police
6    officer for the City of Seattle and as an
     individual, AND JANE DOE GETTS AND
7    THE MARITAL COMMUNITY COMPOSED
     THEREOF;
8
9    and

10   ERICK SCHICKLER, in his capacity as a
     police officer for the City of Seattle and as an
11   individual, AND JANE DOE SCHICKLER
     AND THE MARITAL COMMUNITY
12   COMPOSED THEREOF,

13
            Defendants.
14

15                        **I.    INTRODUCTION**

16        1.       This is an action brought by Plaintiffs Nancy B. Apgood and Robert S.

17   Apgood and the marital community composed thereof seeking civil damages and injunctive

18   relief against the above-named defendants.  The civil claims include common-law tort causes

19   of action, statutory causes of action, and offenses committed under color of law resulting in

20   deprivation of rights secured by the Constitution and laws of the United States of America

21   and the Constitution and laws of the State of Washington.

22                   **II.    JURISDICTION AND VENUE**

23        2.       This Court has personal and subject matter jurisdiction over Plaintiff's federal

24   civil rights claims under Title 42, United States Code, § 1983, and Title 28, United States

25   Code, §§ 1331 and 1343(a)(3).

26

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 2

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

3.      This Court has pendent jurisdiction over state law claims and over Defendants as to said claims pursuant to Title 28, United States Code, § 1367 (Judicial Improvements Act of 1990), Public Law 101-650, 104 Stat. 5089 (1990).

4.      Plaintiffs are residents and citizens of the State of Washington.

5.      The acts and omissions complained of herein occurred in King County, Washington, and all the defendants are residents and citizens of the State of Washington.

6.      Venue in this Court is proper pursuant to Title 28, United States Code, § 1391.

### III.      PARTIES

7.      Plaintiffs Nancy B. Apgood and Robert S. Apgood are citizens of the United States and residents of the State of Washington.

8.      Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington.  Defendant City of Seattle is sued directly under Title 42, United States Code, § 1983 as to the federal claims and under the doctrine of *respondeat superior* as to the state law claims herein.

9.      Defendant City of Seattle includes, as one of its agencies, the City of Seattle police department.

10.     At all times material to this complaint, Defendants Brian Miles, Ted Cablayan, Marc Sagmoen, Tyler Getts and Erick Schickler were police officers employed by Defendant City of Seattle and each was acting within the scope of his employment with the City of Seattle and under color of the laws of the State of Washington.

11.     Defendant Brian Miles is sued in his official capacity as an agent and employee of Defendant City of Seattle and in his individual capacity for individual benefit and for the benefit of the marital community composed of himself and Monica Miles.

12.     Defendant Ted Cablayan is sued in his official capacity as an agent and employee of Defendant City of Seattle and in his individual capacity for individual benefit and for the benefit of the marital community composed of himself and Sirivahn Cablayan.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 3

Case No.

**FREEMAN LAW FIRM, Inc.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

13.     Defendant Marc Sagmoen is sued in his official capacity as an agent and employee of Defendant City of Seattle and in his individual capacity for individual benefit and for the benefit of the marital community composed of himself and Denise M. Sagmoen.

14.     Defendant Tyler Getts is sued in his official capacity as an agent and employee of Defendant City of Seattle and in his individual capacity for individual benefit and for the benefit of the marital community composed of himself and Jane Doe Getts.

15.     Defendant Erick Schickler is sued in his official capacity as an agent and employee of Defendant City of Seattle and in his individual capacity for individual benefit and for the benefit of the marital community composed of himself and Jane Doe Schickler.

## IV.     FACTUAL ALLEGATIONS

### A. <u>Arrest of Plaintiff Robert Apgood Without Probable Cause and False Arrest</u>

16.     On May 30, 2010, at approximately 4:20 AM, Robert Apgood stepped into the front porch area of his abode, located at 9900 Bayard Avenue NW, Seattle, Washington.

17.     The porch is encased within the house parameters on three sides, by the dining room wall, the living room wall, and by an iron railing on the third edge extending from the living room wall of the house.  Steps ascend from the ground up to the fourth edge.

18.     The entirety of the porch is covered by the same single, uninterrupted roof as the living room and is at the same level as the rest of the main level of the house, some three (3) feet above the level of the curtilage of the home.

19.     Robert Apgood observed two (2) police cars in front of his abode, one on NW 100 Street, and one on Bayard Avenue NW, and at least two police officers.

20.     Robert Apgood called out to the officers, asking what was going on because his view of the activity by an unseen officer was obscured by a very large holly tree that was located between his porch and the activity of the officers.

21.     Seattle Police officer Ted Cablayan, without answering Robert Apgood's question, replied that they would be with him "in a minute."

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 4

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

22.     Knowing that burglaries recently had increased in his neighborhood, Robert Apgood then stepped into his living room, and shortly thereafter stepped back into his porch with a shotgun cradled in his arms and without pointing the shotgun towards anyone or anything and without actively drawing anyone's attention to him or his actions.

23.     Officer Cablayan queried, "Hey! What's with the gun?" Concurrently, one of the less experienced officers, Tyler Getts, shouted, "Gun! Seattle Police! Put the gun down!" thereby alarming the other officers who then drew their guns, to which Robert Apgood complied by placing the shotgun on the floor of his porch.

24.     Robert Apgood continued to observe the activity in order to attempt to ascertain what was occurring.

25.     Robert Apgood had the shotgun lawfully cradled in his arms for approximately only 15 seconds.

26.     Officer Cablayan told Robert Apgood that they were conducting an (unspecified) investigation and told Robert Apgood to stand back and to not go back for the shotgun.

27.     Robert Apgood informed the officers that he felt threatened by the unknown as a result of all of the armed officers being near his home and not telling him why.

28.     Robert Apgood informed the police that he has the right to protect his home and family.

29.     In an effort to see what was happening, Robert Apgood then exited his porch, descended the stairs, walked across his front lawn, staying within the curtilage of his property at all times, in order to see around the large holly tree in his yard that obscured his view of the activity to which the officers were paying attention.

30.     The officers did not arrest Robert Apgood when he walked out on his front lawn and close to them, unarmed.

31.     The officers were not alarmed by Robert Apgood or his presence.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 5

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA 98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

32.     The officers did not arrest Robert Apgood at that time.

33.     Upon returning to his porch, and having determined that there existed no apparent threat to himself and his wife, Robert Apgood informed the officers that he was going to put the shotgun away.

34.     Robert Apgood then stepped into his living room, and returned the shotgun to the closet in the living room and closed the closet door.

35.     The officers called Sgt. Brian Miles to the scene.

36.     Sgt. Miles then rapidly ascended the stairs to Robert Apgood's porch and aggressively confronted Robert Apgood through the front door of his home.

37.     Sgt. Miles demanded of Robert Apgood where the shotgun was located, and Robert Apgood told him that it was secured in the closed closet in his living room, which was not accessible from any exterior location.

38.     Sgt. Miles forced his way into Robert Apgood's living room dragging Mr. Apgood's attention into his living room and with his back to his front door.

39.     Robert Apgood did not invite Sgt. Miles or any of the police officers into his home.  Nor did he in any way imply permission for them to enter.

40.     Robert Apgood told Defendant Miles that he, Defendant Miles, was trespassing and commanded him to get out of the Apgood home.

41.     Sgt. Miles did not leave the Apgood home as he lawfully had been commanded to do by Mr. Apgood.  Rather, Sgt. Miles again demanded Robert Apgood to identify himself and demanded a response as to his question regarding Robert Apgood's intentions and whether he had been drinking.  Alarmed by the irrational behavior of the sergeant, Robert Apgood repeated his command for the sergeant and the officers to leave the home.

42.     Instead of exiting the Apgood home as he had been commanded to do, Sgt. Miles intentionally and physically seized Robert Apgood, thereby arresting him, and gave an

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 6

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

1   order for the officers to unlawfully search for and seize Robert Apgood's shotgun.

2       43.     Without a warrant, without probable cause, without consent and without

3   exigent circumstances, the officers intentionally and unlawfully searched the Apgood home

4   for Mr. Apgood's shotgun, finding it in a closed closet.

5       44.     Without a warrant, without probable cause, without consent and without

6   exigent circumstances, the officers unlawfully seized Robert Apgood's shotgun.

7       45.     Instead of exiting the Apgood home as Robert Apgood had commanded him,

8   Sgt. Miles ordered Officer Sagmoen to handcuff Robert Apgood.

9       46.     Officer Sagmoen handcuffed Robert Apgood whereupon he was forcefully

10  taken to a patrol car.

11      47.     Robert Apgood did not threaten any of the officers at any time and did not at

12  any time point the shotgun in their direction.

13      48.     At the time of his arrest, Plaintiff Robert Apgood was unarmed and had no

14  ready access to a firearm of any type.

15      49.     Robert Apgood did not at any time pose a threat to the safety of the officers.

16      50.     Robert Apgood did not resist arrest.

17      51.      Robert Apgood did not attempt to evade arrest by flight.

18      52.      Robert Apgood did not assault Defendant Miles or Defendant Sagmoen or

19  any other officer.

20      53.      The force used by Defendant Miles against Robert Apgood was unnecessary

21  under the circumstances.

22      54.      The force used by Defendant Miles against Robert Apgood was unreasonable

23  under the circumstances.

24      55.      The force used by Defendant Sagmoen against Robert Apgood was

25  unnecessary under the circumstances.

26

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 7

Case No.

56.     The force used by Defendant Sagmoen against Robert Apgood was unreasonable under the circumstances.

57.     The arrest of Mr. Apgood was made without a warrant, without probable cause, without exigent circumstances and not being wanted for a felony.

58.     Each and every officer involved in the arrest of Robert Apgood was clothed in a Seattle Police uniform and acted under color of the law.

**B. Invasion of  Nancy Apgood's Bedroom**

59.     After he had been arrested and handcuffed, Robert Apgood was without shoes, so he requested that Sgt. Miles telephone his wife, Nancy Apgood, to have her bring him a pair of shoes.

60.     Rather than telephoning Nancy as he had been requested to do and which would have been the proper course of conduct, Sgt. Miles instead instructed Officers Cablayan and Getts to more deeply invade the Apgood home and invade Nancy's bedroom to get shoes for Robert Apgood.

61.     The officers intentionally and forcefully proceeded deeper into the interior of the Apgood home, shouting "Seattle Police!  Seattle Police!" whereupon they encountered Mrs. Apgood in her bedroom.

62.     Shining his flashlight on a pair of shoes in the hallway outside of  Nancy Apgood's bedroom door, and without any other initial question, Officer Cablayan demanded of  Nancy Apgood, "Are those your husband's shoes?"

63.     Nancy Apgood immediately concluded that her house had been invaded and inquired as to why the home alarm system had not sounded.  What she did not know at the time was that the unlawful invaders into her home and bedroom were *Seattle police officers*.

64.     Officer Cablayan demanded of her, "Your husband has been arrested and we need a pair of shoes for him."

65.     Due to her severe health problems, Nancy Apgood must sleep unclothed.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 8

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

66.    Answering the officer, she indicated that the shoes to which the officer pointed were not Robert Apgood's shoes and requested the officers to "get back" from her bedroom while she donned a bathrobe.

**C.  False Arrest of  Nancy Apgood**

67.    After donning her bathrobe and retrieving a pair of shoes for husband, Nancy Apgood asked the officers if she could go out to her living room to speak with her husband.

68.    Officer Cablayan responded, "No," and told that she needed to stay in the back of the home, thereby intentionally and physically blocking her from free and unfettered access to the remainder of her home with no reasonable egress.

69.    The force used by Defendant Cablayan against Nancy Apgood was unnecessary under the circumstances.

70.    The force used by Defendant Cablayan against Nancy Apgood was unreasonable under the circumstances.

71.    The force used by Defendant Getts against Nancy Apgood was unnecessary under the circumstances.

72.    The force used by Defendant Getts against Nancy Apgood was unreasonable under the circumstances.

73.    The arrest of Nancy Apgood was made without a warrant, without probable cause, without consent and without exigent circumstances.

74.    Each and every officer involved in the arrest of Nancy Apgood was clothed in a Seattle Police uniform and acted under color of the law.

75.    After the officers had retreated, Nancy Apgood followed the officers out into her living room, only to discover that her husband had already been dragged away.

76.    At no time did any of the officers inquire as to Nancy Apgood's well-being or whether she needed any assistance or medical care.

77.    At no time did Mrs. Apgood grant the officers permission to be in her home.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 9

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

1    **D.  Arrest and Aftermath of the Arrest of Robert Apgood**

2          78.    As a result of the unlawful arrest, Robert Apgood was handcuffed and led out

3    to one of the patrol cars, clothed in only his pajama pants and a t-shirt, and without shoes.

4          79.    At least two (2) of the Apgoods' neighbors witnessed the incident and Mr.

5    Apgood's forced move to the patrol car by Officer Sagmoen.

6          80.    Robert Apgood was taken to the North Precinct office of the Seattle Police

7    Department, whereupon he was locked into a holding cell for approximately three and

8    one-half (3 ½) hours.

9          81.    During this entire period of time, the arresting officer, Defendant Sgt. Miles,

10   ensured that Robert Apgood was handcuffed with his hands tightly and painfully cinched

11   behind his back.

12         82.    It was not until Mr. Apgood was being transferred to King County Jail, and

13   several hours after he had been arrested and detained was he informed as to the alleged legal

14   basis for his arrest and the charge of unlawful display.

15         83.    Plaintiff Robert Apgood was charged in the Municipal Court of Seattle with

16   the unlawful display of a weapon, a gross misdemeanor.

17         84.    Plaintiff Robert Apgood was then booked into King County Jail where he was

18   fingerprinted and palm-printed and suffered multiple instances of having "mug shots"

19   recorded of his likeness.

20         85.    Approximately two (2) hours after being booked into King County Jail,

21   Plaintiff Nancy Apgood posted bail for Plaintiff Robert Apgood.

22         86.    Approximately two (2) hours after bail had been posted for him, Robert

23   Apgood was released.

24         87.    Robert Apgood then was forced to walk from the front door of the King

25   County Jail dressed in only his pajamas and out into public in full daylight for a distance of

26   approximately three (3) blocks to a parking lot where Nancy Apgood had parked her car.

88.     At all times while forced to walk the public streets of Seattle from the jail to Nancy's car, Robert Apgood was clothed in nothing more than his pajama pants, a t-shirt and athletic shoes and was thus subjected to public humiliation.

**E.  Ratification**

89.     At the time of the events referred to in this complaint, John Diaz was the Chief of Police of the Seattle Police Department.

90.     Chief Diaz reviewed the actions of the officers, after the fact.

91.     Chief Diaz approved the actions of the officers in this matter.

**F.  First Knapstad Motion**

92.     Robert Apgood timely filed a Motion to Dismiss Pursuant to *State v. Knapstad*.

93.     Sometime between June 28, 2010 and September 6, 2010, counsel for Robert Apgood, Spencer Freeman, met with Supervising Assistant City Attorney, Marc Mayo.

94.     At that time, Mr. Mayo offered a deferred disposition on Robert Apgood's charge and indicated that Mr. Apgood would likely have his property returned to him.

95.     Robert Apgood, indicating that he had done nothing illegal but rather had been lawfully exercising his constitutional rights, declined the offer.

96.     This declination angered Mr. Mayo who, in an apparently petulant response, instructed his staff to stack on two (2) additional criminal charges to the City's criminal complaint against Robert Apgood, which charges had no basis in fact or law.

97.     At the direction of Marc Mayo, and in combination with him, Assistant City Attorney, Megan Sparks added to the complaint one charge of reckless endangerment and one charge of obstructing a Police Officer, both of which are gross misdemeanors.

98.     Throughout the pendency of the criminal complaint filed against him by the City, and upon the remand of the case on appeal, Deputy City Prosecuting Attorneys John

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 11

Case No.

FREEMAN LAW FIRM, INC.
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

1   Mason, Marc Mayo, Megan Starks, Melissa Chin, and Michael Sanders combined to further

2   the wrongful and unlawful criminal prosecution against Robert Apgood.

3        99.    On September 9, 2010, Robert Apgood appeared in Seattle Municipal Court

4   for argument on his *Knapstad* Motion.  However, before arguments could be heard, Deputy

5   City Prosecutor Megan Starks requested that the court arraign Robert Apgood on the two (2)

6   new specious charges as she had been instructed to do by Mr. Mayo.

7        100.   Robert Apgood was arraigned on the new charges, after which arguments on

8   the *Knapstad* Motion were presented to Hon. Michael Hurtado.

9        101.   After hearing argument, Judge Hurtado held that whether a porch is part of

10  someone's abode is a factual issue that must be decided by a jury, and denied Robert

11  Apgood's motion.

12  **G.  Trial and Wrongful Conviction of Robert Apgood**

13       102.   Trial was held September 21 – 24, 2010 in the Municipal Court for the City of

14  Seattle.

15       103.   In its motions *in limine*, and over Robert Apgood's objection, the City sought

16  and was granted the exclusion of the statutory exclusions of culpability based upon the abode

17  exception and defense of self and others exception contained in RCW 9.41.270(3).

18       104.   Over Robert Apgood's objection, Judge Hurtado refused to allow Mr. Apgood

19  to argue to the jury the exclusions of culpability based upon place-of-abode and defense of

20  self and others exceptions codified in RCW 9.41.270.

21       105.   Over Robert Apgood's objection, Judge Hurtado refused to give jury

22  instructions explaining the abode and defense of self and others exceptions to culpability

23  codified in RCW 9.41.270.

24       106.   Over Robert Apgood's objections, Judge Hurtado denied Mr. Apgood's

25  motion to dismiss the reckless endangerment charge as unconstitutional as applied to Robert

26  Apgood and the facts of the case.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 12

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

107.    Over Robert Apgood's objections, Judge Hurtado denied Robert's motion to dismiss the obstruction charge as unconstitutional as applied to Robert Apgood and the facts of the case.

108.    Not knowing of the statutory exclusions for culpability, the jury found Mr. Apgood guilty of only the unlawful display charge, and was not found guilty of either of the reckless endangerment or obstruction charges.

109.    On October 7, 2010, the trial court conducted a sentencing hearing at which time Robert Apgood was sentenced to 364 days in custody, all suspended, a five thousand dollar ($5,000) fine, of which $4,750 was suspended, a forty-two dollar ($42) conviction fee and one hundred (100) hours of community service.

110.    After sentencing, and after numerous prior denials by Judge Hurtado that the abode exception and defenses of self and others culpability exclusions were applicable in Mr. Apgood's case as a matter of law, Judge Hurtado surprisingly back-pedaled from his previous holdings to the contrary and stated, "There was a fundamental threshold legal issue that this court heard argument from both sides.  It's a very important legal issue.  That is whether or not [in] this particular case and the facts [before] the court was the 'abode exception [applicable].'"

111.    In apparent recognition of possible applicability of the statutory exclusions of culpability, and without Mr. Apgood having made any representations that he intended to appeal the judgment, Judge Hurtado immediately *sua sponte* stayed the conditions of sentencing pending the outcome of an appeal.

**H. Appeal and Reversal of Conviction**

112.    That afternoon, Robert Apgood filed his RALJ appeal to the Superior Court of King County, Washington.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

113.   In his appeal, Mr. Apgood asserted error by the trial court for failing to find, as a matter of law, and subsequent failure to instruct the jury about, the statutory abode and defense of self and others exclusions for culpability.

114.   Robert Apgood further asserted error arguing that the sole remaining charge against him of unlawful display was unconstitutional as applied to him and the facts of the case.

115.   On September 20, 2011, arguments on the appeal were heard by Honorable Steven Gonzalez in King County Superior Court.

116.   Upon the conclusion of arguments, Justice Gonzalez granted the appeal, reversed the conviction, and remanded the case to the Municipal Court of Seattle. Justice Gonzalez's reasoning was that judicial error clearly was committed by Judge Hurtado for refusing to allow Robert Apgood to argue that he had statutory exclusions of culpability and for refusing to allow the inclusion at trial of jury instructions for those statutory exclusions of culpability found at RCW 9.41.270(3).

117.   Justice Gonzalez expressly did not reach the constitutional questions raised by Mr. Apgood in his appeal.

**I.   Remand to Municipal Court, Second Knapstad Motion and Dismissal**

118.   On October 31, 2011, a pre-trial hearing was conducted before Hon. Steven Rosen in the Municipal Court of the City of Seattle.

119.   Robert Apgood then filed his Second Amended Motion to Dismiss For Insufficient Evidence as a Matter of Law Pursuant to *State v. Knapstad* and Alternatively a Motion to Dismiss For As-Applied Unconstitutionality of Statute for the sole remaining charge of unlawful display.

120.   Judge Rosen set a hearing date for the motion of December 22, 2011.

121.   On December 22, 2011, the City of Seattle, confronted by Robert Apgood's Second Amended *Knapstad* motion alleging that the statutory culpability exclusions found at

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 14

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

1   RCW 9.41.270 inarguably applied as a matter of law to his case, accompanied by his

2   arguments that the unlawful display statute was unconstitutional as applied to him and the

3   facts of his case, dismissed the case against Robert Apgood with prejudice.

4       **J.   Civil Claims for Damages**

5       122.   On December 22, 2011, Plaintiffs lodged their claims against the Defendants

6   with the City of Seattle.

7       123.   On July 3, 2012, the City of Seattle rejected Plaintiffs' claims for damages,

8   stating that the conduct of the Defendants was "lawful and proper," thereby ripening for

9   adjudication the claims contained herein.

10      **K.   Consequential Damages**

11      124.   On April 19, 2012, Mr. Apgood patronized a local sporting goods store,

12  Cabelas, for the purpose of lawfully purchasing and obtaining a sporting rifle.

13      125.   Pursuant to federal law, a criminal background check of Mr. Apgood was

14  conducted by Cabelas with the National Instant Criminal Background Check System of the

15  Federal Bureau of Investigation.

16      126.   As a result of that background check showing the prior wrongful conviction,

17  Mr. Apgood was denied his right to lawfully purchase and obtain the rifle.

18      127.   Mr. Apgood was harmed and humiliated by the denial.

19      128.   Shortly thereafter, Mr. Apgood contacted the Washington State Patrol's

20  records keeping department.  They informed Mr. Apgood that the Seattle Municipal Court

21  had made an error and had not informed them of the dismissal.

22      129.   The Washington State Patrol then corrected the record, removing all indicia of

23  the wrongful conviction from their records database.

24      **L.   Damages**

25      130.   As a proximate cause of the acts and omissions of Defendants, Robert Apgood

26  suffered personal injuries including, but not limited to, loss of liberty, emotional distress

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 15

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

including, but not limited to public humiliation, denial of constitutional rights, economic loss, and other consequential damages.

131.    As a proximate cause of the acts and omissions of Defendants, Nancy Apgood suffered personal injuries including, but not limited to, loss of liberty, emotional distress, denial of constitutional rights, economic loss, and other consequential damages.

## V.    CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

132.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 131.

133.    The acts and omissions of defendants herein were done under color of state law, custom or usage.

134.    Nancy Apgood was seized and deprived of her liberty, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of Defendants set forth herein.

135.    Nancy Apgood had federally-protected rights, under the Fourth Amendment, not to be subjected to an unreasonable seizure and deprivation of liberty.

136.    The acts and omissions of Defendants herein proximately caused the deprivation of the Fourth Amendment rights of Nancy Apgood.

137.    Robert Apgood was seized and deprived of his liberty, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of Defendants set forth herein.

138.    Robert Apgood had federally-protected rights, under the Fourth Amendment, not to be subjected to an unreasonable seizure and deprivation of liberty.

139.    The acts and omissions of Defendants herein proximately caused the deprivation of the Fourth Amendment rights of Robert S. Apgood.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 16

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

140.     As a proximate result of the acts and omissions of Defendants and deprivations of Plaintiffs' Fourth Amendment Rights, Plaintiffs suffered personal injuries as set forth hereinabove.

## COUNT 2
## VIOLATION OF THE ARTICLE I, SECTION 3 PROHIBITION AGAINST UNREASONABLE SEIZURES

141.     Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 140.

142.     The acts and omissions of defendants herein were done under color of state law, custom or usage.

143.     Nancy Apgood was seized and deprived of her liberty, for purposes of Article I, section 3 of the Washington State Constitution, by the acts and omissions of Defendants set forth herein.

144.     Nancy Apgood had state-protected rights, under Article I, section 3 of the Washington State Constitution, not to be subjected to an unreasonable seizure and deprivation of liberty.

145.     The acts and omissions of Defendants herein proximately caused the deprivation of the Article I, section 3 of the Washington State Constitution rights of Nancy Apgood.

146.     Robert Apgood was seized and deprived of his liberty, for purposes of Article I, section 3 of the Washington State Constitution, by the acts and omissions of Defendants set forth herein.

147.     Robert Apgood had state-protected rights, under Article I, section 3 of the Washington State Constitution, not to be subjected to an unreasonable seizure and deprivation of liberty.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 17

Case No.

148.   The acts and omissions of Defendants herein proximately caused the deprivation of the Article I, section 3 of the Washington State Constitution rights of Robert S. Apgood.

149.   As a proximate result of the acts and omissions of Defendants and deprivations of Plaintiffs' Article I, section 3 of the Washington State Constitution rights, Plaintiffs suffered personal injuries as set forth hereinabove.

**COUNT 3**
**UNLAWFUL ENTRY INTO HOME WITHOUT WARRANT**
**IN VIOLATION OF THE FOURTH AMENDMENT**

150.   Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 149.

151.   The acts and omissions of defendants herein were done under color of state law, custom or usage.

152.   Plaintiff Nancy Apgood had a federally-protected right, under the Fourth Amendment to the United States Constitution, not to have her home entered without a warrant, without probable cause, without consent and without exigent circumstances.

153.   Plaintiff Robert Apgood had a federally-protected right, under the Fourth Amendment to the United States Constitution, not to have his home entered without a warrant, without probable cause, without consent and without exigent circumstances.

154.   The acts and omissions of Defendants herein proximately caused the deprivations of the Fourth Amendment rights of Plaintiffs.

155.   As a proximate result of the acts and omissions of Defendants and deprivation of Plaintiffs' Fourth Amendment rights, Plaintiffs suffered personal injuries as set forth hereinabove.

**COUNT 4**
**UNLAWFUL ENTRY INTO HOME WITHOUT WARRANT**
**IN VIOLATION OF ARTICLE I, SECTION 3 OF**
**THE WASHINGTON STATE CONSTITUION**

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 18

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

**AND**
**IN VIOLATION OF RCW 10.79.040**

156. Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 155.

157. The acts and omissions of defendants herein were done under color of state law, custom or usage.

158. Plaintiff Nancy Apgood had a state-protected right, under Article I, section 3 of the Washington State Constitution not to have her home entered without a warrant, without probable cause, without consent and without exigent circumstances.

159. Plaintiff Robert Apgood had a state-protected right, under Article I, section 3 of the Washington State Constitution not to have his home entered without a warrant, without probable cause, without consent and without exigent circumstances.

160. The acts and omissions of Defendants herein proximately caused the deprivations of the Article I, section 3 of the Washington State Constitution rights of Plaintiffs.

161. The acts and omissions of Defendants herein constituted a violation of RCW 10.79.040.

162. As a proximate result of the acts and omissions of Defendants and deprivation of Plaintiffs' Article I, section 3 rights, and as a result of violation of RCW 10.79.040, Plaintiffs suffered personal injuries as set forth hereinabove.

**COUNT 5**
**ARREST WITHOUT PROBABLE CAUSE IN VIOLATION**
**OF THE FOURTH AMENDMENT**

163. Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 162.

164. The acts and omissions of defendants herein were done under color of state law, custom or usage.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 19

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA 98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

165.    Nancy Apgood was arrested, for purposes of the Fourth Amendment, when she was physically blocked into her bedroom area by Officer Getts and Officer Cablayan and not permitted to have free and unfettered access to her home.

166.    Other than by subjecting herself to unreasonable harm, Nancy Apgood was confined or restrained to the bounded confines of her bedroom area.

167.    The Defendants intended to confine or restrain Nancy Apgood to the bounded confines of her bedroom area.

168.    The Defendants confined or restrained Nancy Apgood to the bounded confines of her bedroom area by the invalid use of legal authority.

169.    Nancy Apgood had a federally-protected right, under the Fourth Amendment, not to be arrested by Defendants without a warrant, without probable cause, without consent and without exigent circumstances.

170.    Defendants lacked probable cause to arrest Nancy Apgood.

171.    The acts and omissions of Defendants herein, and each of them, proximately caused the deprivation of Nancy Apgood's Fourth Amendment rights.

172.    Plaintiff Robert Apgood was seized, for purposes of the Fourth Amendment to the United States Constitution, when he was physically seized and arrested, handcuffed, and taken into custody.

173.    Robert Apgood had a federally-protected right, under the Fourth Amendment, not to be arrested by Defendants without a warrant, without probable cause, without consent and without exigent circumstances.

174.    Defendants lacked probable cause to arrest Robert Apgood.

175.    The acts and omissions of Defendants herein, and each of them, proximately caused the deprivation of Robert Apgood's Fourth Amendment rights.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 20

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

176.     As a proximate result of the acts and omissions of Defendants and deprivations of Plaintiffs' Fourth Amendment rights, Plaintiffs suffered personal injuries as set forth hereinabove.

**COUNT 6**
**ARREST WITHOUT PROBABLE CAUSE IN VIOLATION**
**OF ARTICLE I, SECTION 3 OF**
**THE WASHINGTON STATE CONSTITUTION**

177.     Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 176.

178.     The acts and omissions of defendants herein were done under color of state law, custom or usage.

179.     Nancy Apgood was arrested, for purposes of Article I, section 3 of the Washington State Constitution, when she was physically blocked into her bedroom area by Officer Getts and Officer Cablayan and not permitted to have free and unfettered access to her home.

180.     Other than by subjecting herself to unreasonable harm, Nancy Apgood was confined or restrained to the bounded confines of her bedroom area.

181.     The Defendants intended to confine or restrain Nancy Apgood to the bounded confines of her bedroom area.

182.     The Defendants confined or restrained Nancy Apgood to the bounded confines of her bedroom area by the invalid use of legal authority.

183.     Nancy Apgood had a state-protected right, under Article I, section 3 of the Washington State Constitution, not to be arrested by Defendants without a warrant, without probable cause, without consent and without exigent circumstances.

184.     Defendants lacked probable cause to arrest Nancy Apgood.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 21

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

185.    The acts and omissions of Defendants herein, and each of them, proximately caused the deprivation of Nancy Apgood's Article I, section 3 of the Washington State Constitution rights.

186.    Plaintiff Robert Apgood was seized, for purposes of Article I, section 3 of the Washington State Constitution, when he was physically seized and arrested, handcuffed, and taken into custody.

187.    Robert Apgood had a state-protected right, under Article I, section 3 of the Washington State Constitution, not to be arrested by Defendants without a warrant, without probable cause, without consent and without exigent circumstances.

188.    Defendants lacked probable cause to arrest Robert Apgood.

189.    The acts and omissions of Defendants herein, and each of them, proximately caused the deprivation of Robert Apgood's Article I, section 3 of the Washington State Constitution rights.

190.    As a proximate result of the acts and omissions of Defendants and deprivations of Plaintiffs' Article I, section 3 of the Washington State Constitution rights, Plaintiffs suffered personal injuries as set forth hereinabove.

## COUNT 7
## VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

191.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 190.

192.    The acts and omissions of defendants herein were done under color of state law, custom or usage.

193.    Plaintiffs' shotgun was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of Defendants set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 22

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

194.     Plaintiffs had a federally-protected right, under the Fourth Amendment, not to have their home be subjected to a search without a warrant, without probable cause, without consent and without exigent circumstances.

195.     Plaintiffs had a federally-protected right, under the Fourth Amendment, not to have their property seized without a warrant, without probable cause, without consent and without exigent circumstances.

196.     The acts and omissions of Defendants herein proximately caused the deprivation of the Fourth Amendment rights of Plaintiffs.

197.     As a proximate result of the acts and omissions of Defendants and deprivations of Plaintiffs' Fourth Amendment rights, Plaintiffs suffered personal injuries as set forth hereinabove.

## COUNT 8
## VIOLATION OF ARTICLE I, SECTION 3 OF THE WASHINGTON STATE CONSTITUTION PROHIBITION AGAINST UNREASONABLE SEIZURES

198.     Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 197.

199.     The acts and omissions of defendants herein were done under color of state law, custom or usage.

200.     Plaintiffs' shotgun was seized, for purposes of Article I, section 3 of the Washington State Constitution, by the acts and omissions of Defendants set forth herein.

201.     Plaintiffs had a state-protected right, under Article I, section 3 of the Washington State Constitution, not to have their home be subjected to a search without a warrant, without probable cause, without consent and without exigent circumstances.

202.     Plaintiffs had a state-protected right, under Article I, section 3 of the Washington State Constitution, not to have their property seized without a warrant, without probable cause, without consent and without exigent circumstances.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 23

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

203.     The acts and omissions of Defendants herein proximately caused the deprivation of the Article I, section 3 of the Washington State Constitution rights of Plaintiffs.

204.     As a proximate result of the acts and omissions of Defendants and deprivations of Plaintiffs' Article I, section 3 rights, Plaintiffs suffered personal injuries as set forth hereinabove.

**COUNT 9**
**MUNICIPAL LIABILITY OF THE CITY OF SEATTLE**
**FOR VIOLATIONS OF THE FOURTH AMENDMENT**

205.     Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 204.

206.     At all times material to this complaint, Defendant City of Seattle, by and through its chief of police, had in effect certain explicit and de facto policies, practices and customs which were applied to the unlawful entry of the Apgood family home and to the detentions and false arrests of Nancy Apgood and Robert Apgood.

207.     For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to arrest and detain Plaintiffs without probable cause in violation of their Fourth Amendment rights as set forth hereinabove.

208.     It was further the policy of the City of Seattle, by and through its chief of police, to approve, acquiesce, condone and ratify the unreasonable seizures and detentions of Plaintiffs in the incident described hereinabove, in violation of their Fourth Amendment rights.

209.     The policy, custom and practice of approving, acquiescing in, condoning and/or ratifying the unreasonable seizures and detentions of Plaintiffs in the incident described herein, in violation of their Fourth Amendment rights, was a deliberate choice by Defendant City of Seattle, by and through its chief of police.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 24

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

1    210.    For purposes of the incident described herein, it was the policy, custom and

2    practice of the City of Seattle to utilize unreasonable force in violation of the Fourth

3    Amendment rights of Plaintiffs Nancy and Robert Apgood in the arrest processes, set forth

4    hereinabove.

5    211.    It was further the policy of the City of Seattle, by and through its chief of

6    police to approve, acquiesce, condone and ratify the actions of the individual defendants in

7    violation of the Fourth Amendment rights of Plaintiffs in the incident described hereinabove.

8    212.    For purposes of the incident described herein, it was the policy, custom and

9    practice of the City of Seattle to enter Plaintiffs' home without a warrant, without probable

10   cause, without consent and without exigent circumstances in violation of the Fourth

11   Amendment rights of Plaintiffs as set forth hereinabove.

12   213.    It was further the policy of the City of Seattle, by and through its chief of

13   police to approve, acquiesce condone and ratify the unlawful entry into Plaintiffs' home, in

14   the incident described hereinabove, in violation of their Fourth Amendment rights.

15   214.    The policy, custom and practice of approving, acquiescing in, condoning

16   and/or ratifying the warrantless entry into Plaintiffs' home in the incident described herein, in

17   violation of their Fourth Amendment rights, was a deliberate choice by Defendant City of

18   Seattle, by and through its chief of police.

19   215.    For purposes of liability for said policies, customs and/or practices, the chief

20   of police was the authorized policy-maker on police matters, and his decisions, explicit and

21   de facto, were and are binding on Defendant City of Seattle.

22   216.    These policies, customs and practices were maintained with deliberate,

23   reckless and/or callous indifference to the constitutional rights of the plaintiffs set forth

24   hereinabove.

25   217.    The above-described policies, customs and practices of Defendant City of

26   Seattle proximately caused the deprivation of the Fourth Amendment rights of Plaintiffs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 25

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

218.     As a proximate result of the above-described policies, customs and practices of Defendant City of Seattle, and as a result of the deprivations of Plaintiffs' Fourth Amendment rights, Plaintiffs suffered personal injuries as set forth hereinabove.

219.     At all times material herein, Defendant City of Seattle had a duty, under the United States Constitution, to properly supervise Seattle police officers.

220.     At all times material herein, Defendant City of Seattle had a duty, under the Fourth Amendment to the United States Constitution, to train Seattle police officers not to enter Plaintiffs' home without a warrant, without probable cause, without consent and without exigent circumstances, arrest them without probable cause, or use unreasonable force in the arrest process.

221.     Defendant Brian Miles has prior disciplinary history.

222.     Defendant City of Seattle failed to properly supervise the individual defendants.

223.     Defendant City of Seattle failed to properly train the individual defendants.

224.     The above-described failures to supervise and train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of Plaintiffs as set forth hereinabove.

225.     The above-described failures by Defendants properly to supervise and properly to train the individual defendants proximately caused the deprivation of the constitutional rights of Plaintiffs as set forth hereinabove.

226.     As a proximate cause of the failure of Defendants to properly supervise and train, and as a result of the deprivations of Plaintiffs' constitutional rights, Plaintiffs suffered personal injuries as set forth hereinabove.

\\\

\\

\

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 26

Case No.

1

2

3

4

**COUNT 10**
**MUNICIPAL LIABILITY OF THE CITY OF SEATTLE**
**FOR VIOLATIONS OF ARTICLE I, SECTION 3 OF**
**THE WASHINGTON STATE CONSTITUTION**

5        227.     Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each

6   and every allegation in paragraphs 1 – 226.

7        228.     At all times material to this complaint, Defendant City of Seattle, by and

8   through its chief of police, had in effect certain explicit and de facto policies, practices and

9   customs which were applied to the warrantless entry of the Apgood family home and to the

10   detentions and arrests of Nancy Apgood and Robert Apgood.

11        229.     For purposes of the incident described herein, it was the policy, custom and

12   practice of the City of Seattle to arrest and detain Plaintiffs without probable cause in

13   violation of their Article I, section 3 of the Washington State Constitution rights as set forth

14   hereinabove.

15        230.     It was further the policy of the City of Seattle, by and through its chief of

16   police, to approve, acquiesce, condone and ratify the unreasonable seizures and detentions of

17   Plaintiffs in the incident described hereinabove, in violation of their Article I, section 3 of the

18   Washington State Constitution rights.

19        231.     The policy, custom and practice of approving, acquiescing in, condoning

20   and/or ratifying the unreasonable seizures and detentions of Plaintiffs in the incident

21   described herein, in violation of their Article I, section 3 of the Washington State

22   Constitution rights, was a deliberate choice by Defendant City of Seattle, by and through its

23   chief of police.

24        232.     For purposes of the incident described herein, it was the policy, custom and

25   practice of the City of Seattle to utilize unreasonable force in violation of the Article I,

26

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 27

Case No.

1   section 3 of the Washington State Constitution rights of Plaintiffs Nancy and Robert Apgood

2   in the arrest processes, set forth hereinabove.

3        233.   It was further the policy of the City of Seattle, by and through its chief of

4   police to approve, acquiesce, condone and ratify the actions of the individual defendants in

5   violation of the Article I, section 3 of the Washington State Constitution rights of Plaintiffs in

6   the incident described hereinabove.

7        234.   For purposes of the incident described herein, it was the policy, custom and

8   practice of the City of Seattle to enter Plaintiffs' home without a warrant, without consent,

9   without probable cause and without exigent circumstances in violation of the Article I,

10  section 3 of the Washington State Constitution rights of Plaintiffs as set forth hereinabove.

11       235.   It was further the policy of the City of Seattle, by and through its chief of

12  police to approve, acquiesce condone and ratify the warrantless entry into Plaintiffs' home, in

13  the incident described hereinabove, in violation of their Article I, section 3 of the Washington

14  State Constitution rights.

15       236.   The policy, custom and practice of approving, acquiescing in, condoning

16  and/or ratifying the warrantless entry into Plaintiffs' home in the incident described herein, in

17  violation of their Article I, section 3 of the Washington State Constitution rights, was a

18  deliberate choice by Defendant City of Seattle, by and through its chief of police.

19       237.   For purposes of liability for said policies, customs and/or practices, the chief

20  of police was the authorized policy-maker on police matters, and his decisions, explicit and

21  de facto, were and are binding on Defendant City of Seattle.

22       238.   These policies, customs and practices were maintained with deliberate,

23  reckless and/or callous indifference to the constitutional rights of the plaintiffs set forth

24  hereinabove.

25

26

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

239.    The above-described policies, customs and practices of Defendant City of Seattle proximately caused the deprivation of the Article I, section 3 of the Washington State Constitution rights of Plaintiffs.

240.    As a proximate result of the above-described policies, customs and practices of Defendant City of Seattle, and as a result of the deprivations of Plaintiffs' Article I, section 3 of the Washington State Constitution rights, Plaintiffs suffered personal injuries as set forth hereinabove.

241.    At all times material herein, Defendant City of Seattle had a duty, under the Washington State Constitution, to properly supervise Seattle police officers.

242.    At all times material herein, Defendant City of Seattle had a duty, under Article I, section 3 of the Washington State Constitution, to train Seattle police officers not to enter Plaintiffs' home without a warrant, without probable cause, without consent, without exigent circumstances and not being in pursuit of a felon, arrest them without probable cause, or use unreasonable force in the arrest process.

243.    Defendant Brian Miles has prior disciplinary history.

244.    Defendant City of Seattle failed to properly supervise the individual defendants.

245.    Defendant City of Seattle failed to properly train the individual defendants.

246.    The above-described failures to supervise and train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of Plaintiffs as set forth hereinabove.

247.    The above-described failures by Defendants properly to supervise and properly to train the individual defendants proximately caused the deprivation of the constitutional rights of Plaintiffs as set forth hereinabove.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 29

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

248.    As a proximate cause of the failure of Defendants to properly supervise and train, and as a result of the deprivations of Plaintiffs' constitutional rights, Plaintiffs suffered personal injuries as set forth hereinabove.

## COUNT 11
## ASSAULT AND BATTERY

249.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 248.

250.    Defendants assaulted and battered Plaintiff Robert Apgood.

251.    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of respondeat superior.  Defendants Miles, Sagmoen, Cablayan, Getts, and Schickler are not being sued individually under this cause of action at this time.

252.    As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, Plaintiff Robert Apgood has been damaged in an amount in excess of the minimum jurisdiction of this Court.

## COUNT 12
## FALSE ARREST/FALSE IMPRISONMENT

253.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 252.

254.    Defendants arrested and imprisoned Plaintiffs Robert and Nancy Apgood without probable cause.

255.    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of respondeat superior.  Defendants Miles, Sagmoen, Cablayan, Getts, and Schickler are not being sued individually under this cause of action at this time.

256.    As the direct, proximate and foreseeable results of the wrongful actions described hereinabove, Plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

## COUNT 13
## PROPERTY DAMAGE, TRESPASS AND/OR WASTE

257.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 256.

258.    As the direct, proximate and foreseeable results of Defendants' wrongful actions described hereinabove, damage was caused to Plaintiffs' property and property rights.

259.    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of respondeat superior for that damage.  Defendants Miles, Sagmoen, Cablayan, Getts, and Schickler are not being sued individually under this cause of action at this time.

## COUNT 14
## DAMAGE, TRESPASS AND/OR WASTE TO CHATTELS

260.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 259.

261.    By unlawfully seizing and retaining possession of Plaintiffs' shotgun, Defendants interfered with Plaintiffs' rights of possession in the item.

262.    The seizure and retention of the item by Defendants were intentional acts designed to and did bring about the interference of Plaintiffs' rights of possession of the item.

263.    Defendants' acts caused Plaintiffs to be deprived of their lawful and proper possession of the item.

264.    Plaintiffs were damaged in an amount to be proved at trial.

## VI.    PUNITIVE DAMAGES ALLEGATIONS

265.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 264.

266.    The acts and omissions of Defendants Miles, Sagmoen, Cablayan, Getts and Schickler herein were motivated by evil motive or intent, or involved reckless or callous indifference to the constitutional rights of Plaintiffs as set forth hereinabove.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 31

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

267.    Defendant City of Seattle should indemnify Miles, Sagmoen, Cablayan, Getts and Schickler for any damages awarded against them at the trial of this action, including punitive damages.

## VII.    JOINT AND SEVERAL LIABILITY

268.    Plaintiffs hereby incorporate and re-allege, as if fully set forth herein, each and every allegation in paragraphs 1 – 267.

269.    The City of Seattle is responsible for the fault of the individual defendants because all the individual defendants were acting as agents or servants of the City of Seattle.

270.     The City of Seattle is liable for all damages awarded against the individual defendants, including punitive damages.  RCW 4.22.070(1)(a).

271.    Since Plaintiffs are fault-free, the City of Seattle is jointly and severally liable for all damages awarded, including punitive damages.  RCW 4.22.070(1)(b).

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

Compensatory Damages:      That Defendants Miles, Sagmoen, Cablayan, Getts and Schickler be required to pay compensatory damages in an amount to be proven at trial.

Punitive Damages:     That Defendants Miles, Sagmoen, Cablayan, Getts and Schickler be required to pay punitive damages in an amount to be proved at trial pursuant to Tile 42, United States Code, §1983; Title 42, United States Code, § 1988; RCW 4.22.070(1)(a) and RCW 4.22.070(1)(b).

Injunctive Relief:      That Defendants Miles, Sagmoen, Cablayan, Getts and Schickler be permanently enjoined from entering a private residence without a warrant, without probable cause, without exigent circumstances and without permission.

That Defendants Miles, Sagmoen, Cablayan, Getts and Schickler be permanently enjoined from violating the rights of Washington citizens enumerated in the Bill of Rights of

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 32

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)

the U.S. Constitution and specifically, but without limitation, the Fourth and Fourteenth Amendments.

That Defendants Miles, Sagmoen, Cablayan, Getts and Schickler be permanently enjoined from violating the Article I of the Washington State Constitution rights of Washington citizens and specifically, but without limitation, section 3.

Attorneys' Fees:     That Defendants should be required to pay Plaintiffs' reasonable attorneys' fees and costs pursuant to Title 42, United States Code, § 1988.

Other Relief:   The Court should grant Plaintiffs such other and further relief as the Court deems just and equitable.

## IX.     JURY DEMAND

Plaintiffs respectfully demand a trial by jury.


DATED this 30th  day of May 2013.

Respectfully submitted,

FREEMAN LAW FIRM, Inc.

    /s/ Spencer D. Freeman
Spencer D. Freeman, WSBA#25069
Attorney for Plaintiffs
1107 1/2 Tacoma Ave S
Tacoma, WA 98402-2005
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF - 33

Case No.

**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, WA  98402-2005
(253) 383-4500 – (253) 383-4501 (fax)